FENNELL, DAVIS & CO. *versus* PATRICK'S Adm'r.

1. Decisions of inferior courts, in respect to motions for new trials, are matters within the juidicial discretion of the presiding judge; and, though it is the duty of such courts, in reference to matters, within their discretion, to govern themselves by the rules established by the Supreme court, (except there be special causes for a contrary course;) yet, generally, such decisions are not the subject of revision, in error.

2. Where, in a suit brought against an estate, for goods, wares and merchandise, the declaration did not show the debt to have arisen from funeral expenses, or for the last sickness of the deceased—held, that it was a good defence to such action, that during the pendency of it, the estate had been returned insolvent: and, that such matter was properly pleaded, by the administrator *puis darrein continuance.*

3. That a replication to such plea, not averring how much of the demand sued on, was for debts due for funeral expenses, or expenses of last sickness; and whether of sufficient amount to give the court jurisdiction—was not good.

This was assumpsit in Morgan County court, by the plaintiffs in error, for goods, wares, and merchandise. A verdict was had for the plaintiffs, which was set aside, by the court; and a new trial granted.

On a second trial, the defendant pleaded *puis darrein continuance;* that the estate of his intestate had been declared insolvent, pursuant to the statute.

A replication to this plea, alleged, that the claim sued on, was, *in part,* for necessaries furnished in the last sickness, and for funeral expenses. On rejoinder, that, no part of the account was for such matter as was alleged in the replication, to a sufficient amount to give the court jurisdiction—judgment was given for the defendant.

A motion was submitted, for leave to amend the declaration, by an averment, that part of the account was for necessaries, furnished in the last sickness, &c.—which the court refused to allow, unless the plaintiffs would also aver, that such part exceeded fifty dollars. This, the plaintiffs declined, and prosecuted their writ of error here.

*Thornton*, for the plaintiffs.

SAFFOLD, J.—An action of assumpsit was brought in the County court of Morgan county, by the plaintiffs in error, agaiust the present defendant, to recover $65 55, alleged to be due from the intestate, in his lifetime, for goods wares, and, merchandise, &c. A trial was had on the plea of *non assumpsit*, at August term, 1828, when a verdict was found for the plaintiffs for $74. This verdict was, on motion of the defendant's counsel, set aside, and a new trial granted. To this the plaintiffs took exceptions, stating that, on Saturday, the last day of the term, the defendant's counsel moved the court to set aside the verdict, which had been returned on Tuesday of the term. No motion had been made in writing, or causes assigned, or any notice given of the intended application. On this ground the motion was resisted by the defendant's counsel, who also insisted there was no sufficient cause for the new trial. The new trial having been granted, at the two succeeding terms, the cause was continued on affidavit of one of the plaintiffs. At February term, 1830, the record states, that the parties appeared by their attorneys, and filed their pleadings. The defendant pleaded, that, since the last continuance he had de-

clared the estate of Patrick insolvent. To this the plaintiffs replied that the account, to recover which the action was brought, was in part for necessaries furnished in the last sickness, and for the funeral expenses of said intestate. To which the defendant rejoined, that no part of said claim was for articles furnished in the last sickness, or for funeral expenses, sufficient to give jurisdiction to the court. These pleadings having been filed in an irregular manner, the effect thereof was submitted to the decision of the court, by demurrer. The court sustained the defence. Then, as appears by another bill of exceptions, the plaintiffs asked leave of the court to amend their declaration, by averring the fact that a part of the account was for articles and necessaries furnished in the last sickness, and death of the defendant; which the court refused, unless it was also alleged that such necessaries amounted to more than fifty dollars; which the plaintiffs declined. Whereupon judgment was rendered for the defendant.

The plaintiffs, having prosecuted error, assign as causes—

1. That the court granted a new trial in the manner stated.

2. That the court overruled the plaintiffs' demurrer to the defendant's rejoinder, and sustained the defence pleaded.

Respecting the grant of new trials, it may be observed that the pre-requisites, as well as the causes, may often be peculiar to the circumstances of the particular case, so as to require an unusual latitude of judicial discretion, in the presiding judge. Among others, the cause may have been the inadvertence or mistake of the judge, or surprise to the party, which

immediately after became obvious to all concerned. A failure to file reasons for the motion, or to give notice thereof, to the adverse party, may result from an informal or irregular mode of conducting the business, which has arisen by the express or implied consent of the members of the bar, or other peculiar circumstances with which it would be difficult and unnecessary to encumber the records, and from which alone the revising tribunal could understand them. Hence, the practice is, to regard decisions on motions for new trials as matters within the judicial discretion of the presiding judge.    Besides the granting a new trial, is not conclusive against the party whose verdict is thereby set aside; the presumption is, that equal justice will be done on the second trial: and after the second trial has been had, the appellate court can not restore the former verdict, without annulling the second, which may have been rendered long afterwards, on evidence entirely different. , We are, therefore, of opinion, that though it is the duty of the inferior courts, in regard to new trials, as well as other things, to govern themselves by the rules established by the Supreme court, unless there be special causes for a contrary course; and if they act otherwise, they may be responsible to the State ; yet, as a general rule, their decisions thereon are not subject to revision here, and that this case does not form an exception to the rule.

2. The sufficiency of the defence, that the estate had been represented insolvent, must depend on the construction of the statute.    It provides, that no suit or action "shall be commenced or sustained," against an executor or administrator, after the estate of the testator or intestate be represented insolvent: " ex-

cepting, however, in all cases, actions for debts due for the deceased's last sickness, and funeral expenses," &c. The suit was instituted before the estate was represented insolvent, and when the plaintiffs had a right to sue for any legal demand; but, before the final trial, the event had occurred, which denied the plaintiffs the right to sue, or *sustain* their action for any, except a particular description of claims— which did not appear, either from the writ or decla- 'ration, to be embraced in the demand. The defen- dant availed himself of this objection, by a plea *puis darrein continuance.* It is true, the replication aver- red, that some part of the demand was for articles, excepted by the statute; but, no intimation is given, how much of the demand was of this description, or whether sufficient to give the court jurisdiction. This insufficiency was excepted to, by the rejoinder —and, after the objection was sustained by the court, on demurrer : and leave tendered to the plaintiffs, to obviate the objection, by an amendment of their de- claration—they declined doing so, probably, because the facts of the case would not authorise the amend- ment. The principle of the decision may operate as a hardship, on the plaintiffs—that, after sueing on a legal demand, as, in justice they might, they should be defeated, by the happening of a subsequent event, over which they had no control; and that they should also fail in the recovery for the excepted articles, which, alone, they, at all times, have a right to sue for, and recover. Yet, the hardship is only such as must necessarily arise out of the statute; and, is ren- dered common to all others, having suits pending against estates, thus represented insolvent.

We, therefore, say, the judgment must be affirmed.